The Disciplinary Review Board having filed with the Court its decision in DRB 18-020, DRB 18-112, and DRB 18-127, concluding on the records certified to the Board pursuant to Rule 1:20-4(f)(default by respondent) that James Peter Byrne of Bremerton, Washington, who was admitted to the bar of this State in **442 1991, and *352 who has been suspended from the practice of law since December 2, 2016, pursuant to the Orders of this Court filed November 3, 2016, October 2, 2018, and February 14, 2019, should be suspended from the practice of law for a period of two years for unethical conduct found in three matters, specifically, violations of RPC 1.1(a) (gross neglect), RPC 1.3 (lack of diligence), RPC 1.16(d) (failure to protect the client's interests on termination of the representation), RPC 1.4(b) (failure to keep a client reasonably informed about the status of the matter), RPC 8.1(b) (failure to cooperate with disciplinary authorities) and, RPC 8.4(d) (conduct prejudicial to the administration of justice)
And James Peter Byrne having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined;
And the Court having reviewed the record in the matter, including respondent's history of unethical conduct, his multiple defaults in the disciplinary matters, and his failure to appear as directed on the Order to Show Cause, and having determined that enhanced discipline is warranted. See In re Kivler, 193 N.J. 332, 939 A.2d 216 (2008) ;
And good cause appearing;
It is ORDERED that James Peter Byrne is hereby disbarred, effective immediately; and it is further
ORDERED that respondent's name be stricken from the roll of attorneys and that he be permanently restrained and enjoined from practicing law; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with disbarred attorneys; and it is further
ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by James Peter Byrne pursuant to Rule 1:21-6 shall be restrained from disbursement except on application to this Court for good cause shown and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the **443 funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.